HEIRS OF FRANCISCO MARÍA FRANCESCHI, ETC., Plaintiff and Appellant, *v.* MANUEL V. DOMENECH, TREASURER OF PUERTO RICO, Defendant and Appellee.

No. 6636.   Argued May 24, 1934.—Decided September 29, 1934.

*Henry G. Molina* and *M. León Parra* for appellants.  *Benjamin J. Horton, Attorney General* and *R. Cordovés Arana, Assistant Attorney General,* for appellees.

Mr. Justice Hutchison delivered the opinion of the Court.

A tax collector advertised for sale a certain property.  The holders of a first mortgage offered to pay a part of the taxes and the tax collector demanded payment of the entire amount due.  The tax lien for the last few years was superior to the mortgage lien.  The tax lien for the previous years was subordinate to the mortgage lien.  The mortgagees then paid the entire amount, but entered a protest as to the part thereof covering the earlier period.  They then brought the present action to recover the amount paid under protest. The district court sustained a demurrer to the complaint and the mortgagees appealed from a judgment of dismissal.

We have said that the mortgage lien was superior to the tax lien as to the taxes paid under protest.  We may add, in passing, that such a lien is, of course, entitled to protection either by the treasurer or in a proper case by the courts.  The mortgagee must have a remedy whenever his rights are invaded or, perhaps, whenever an invasion of such rights is threatened.  He may have several remedies.  It does not follow that a suit to recover a part of the mortgagor's taxes paid under protest by the mortgagee is one of these remedies.

The complaint herein does not question the validity of the government's claim against the mortgagor.  Plaintiffs do not even allege that the collector flatly refused to accept payment of a part of the taxes only, although a tentative refusal to accept such payment may have been involved in his demand for payment in full.  They do not allege any threat on the part of the tax collector that he would attempt to sell the

property free from incumbrance notwithstanding the par-tial payment if such payment should be made. They do allege that Section 315 of the Political Code, Subdivision five of Section 168 and Section 218 of the Mortgage Law, and Section 1824 Subdivision 1 of the Civil Code (1902 ed.) were at the time of the payment under protest and still are in force. The theory of the complaint seems to be that if the taxes had not been paid in full a sale of the property free from all incumbrance would have been the inevitable result. Counsel for appellee do not concur in this view, nor, assum-ing a timely exercise of the mortgagor's right, can we.

Section 333 of the Political Code provides that: "Any person having a lien upon property may pay the taxes and surcharges thereon at any time after said taxes have become delinquent, and the same shall be added to his or her lien and be recovered with the rate of interest borne by the lien . . ."

Sections 1 and 3 of "An act providing for the payment of taxes under protest; establishing a procedure to authorize the collection and return thereof . . ." (Session Laws of 1927, p. 122) read (the latter in part) as follows:

"Section 1.—Whenever a taxpayer believes that he should not pay any tax or part thereof, he shall, however, be obliged to pay the same in full upon request of the collector of internal revenue of his district, or of the official in charge of the collection of taxes, and shall he desire to make any claim, shall ask the said collector or the said official in charge of the collection of taxes, on making payment, to endorse the tax receipt, specifically stating whether the said protest refers to the whole or to a part of the tax paid under protest, and setting forth the exact amount protested. The said endorsement shall be signed by the taxpayer and by the collector or officer in charge of the collection of taxes.

"Section 3.—A taxpayer who shall have paid under protest the whole or part of any tax may, within the term of one year from the date of payment, sue the Treasurer of Porto Rico in an insular court of competent jurisdiction, or in the District Court of the United States for Porto Rico, to secure the return of the amount protested. . . ."

The language of Section 1 contemplates a belief antedating the time of payment, a belief formed by a "taxpayer" *in esse,* not a belief entertained, by a potential or prospective "taxpayer" who may become such in a limited literal sense upon payment of the taxes of a delinquent statutory "taxpayer". The taxpayer's belief "that he should not pay any tax" is a belief that he ought not to be compelled to satisfy an injust or an unfounded claim which raises some question as to liability. The provision that the taxpayer shall "be obliged to pay" the tax "in full upon request of the collector of internal revenue of his district" presupposes a taxpayer upon whose property the tax has been assessed, not a vicarious taxpayer. Otherwise there would be no basis for the collector's request. Hence, the mortgagee who may pay the delinquent taxes assessed upon a mortgaged property, but is not obliged to do so, is not the taxpayer referred to in Sections 1 and 3, *supra.* In other words, the statutory action for the recovery of taxes paid under protest is not available to a mortgagee as a remedy for the protection of his superior lien from the results of a possible, threatened or impending sale of the mortgaged property for taxes in case such sale should not be made subject to the mortgage lien.

The foregoing considerations and the facts above outlined suffice to distinguish the case of *White* v. *Hopkins,* 51 F. (2d) 159, upon which appellants mainly rely.

The judgment appealed from must be affirmed.